KAZDAN v. STEIN et.

Ohio Supreme Court.

No. 20592. Decided March 14, 1928.

Error to Cuyahoga Appeals.
Judgment affirmed.

**960. PROOF—480. Evidence.**
No degree of discredit which does not amount to affirmative proof, will afford foundation upon which to base inference that fact exists.

ROBINSON, J.
Evidence which generally and categorically denies the existence of a fact may be so discredited or may so discredit itself as to destroy its probative value; but no degree of discredit which does not of itself amount to affirmative proof of such fact, will afford a foundation upon which to base an inference that the fact exists.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

---

HELLER v. STANDARD ACC. INS. CO.

Ohio Supreme Court.

No. 20584. Decided March 14, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

**625b.—INDEMNITY INSURANCE—851. Notice.**
1. Where, under indemnity policy requiring assured to give immediate written notice of claim and forward to company every summons or other process served on him, suit was commenced on Dec. 26, 1922, and accused, as excuse for non-compliance, claimed impossibility of knowledge of claim and suit until last of April, 1923, because of absence from home and subsequent illness, term "immediate" held to mean action within reasonable time under circumstances.

2. Assured must use due diligence in ascertaining existence of claim or suit.

**191. BURDEN OF PROOF.**
Upon issue of impossibility of performance, or exercise of due diligence in complying with terms of policy, burden of proof rests upon assured.

JONES, J.
1. A policy of indemnity against liability to others resulting from accident contained a condition requiring the assured to give immediate written notice of any claim made on account thereof, and in case of suit brought, to "immediately forward to the company every summons or other process served on him." Suit for recovery of damages was instituted and summons served at the assured's residence on December 26, 1922. As an excuse for noncompliance with the condition of his policy requiring the immediate forwarding of the process, the assured claimed want of and the impossibility of knowledge of the claim and suit until the latter part of April, 1923, because

of his absence from home and subsequent illness confining him to his house until that time. HELD: The term "immediate," contained in the policy, means action taken on the part of the assured within a reasonable time under the circumstances of the case. Travelers Ins. Co. v. Myers, 62 Ohio St., 529, approved and followed.

2. The assured cannot justify his delay in failing to comply with the policy condition, by claiming want of and impossibility of knowledge of such claim or suit if he has failed to use due diligence in ascertaining their existence.

3. Upon the issue of his impossibility of performance, or of his exercise of due diligence in complying with the policy condition, the burden of proof rests upon the assured.

(Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.)

---

COMMONWEALTH OIL CO. v. TURK et.

Ohio Supreme Court.

No. 20647. Decided March 14, 1928.

Error to Cuyahoga Appeals.

Judgment vacated.

**681. JURISDICTION—328. Court of Appeals—291. Constitutional Law—1104. Statutes.**
1. Court of Appeals has absolute and complete appellate jurisdiction in all chancery cases. Such jurisdiction can neither be enlarged nor limited by legislature, nor can it be defeated or nullified by enactment or nonenactment.

2. Remedial provisions of code relating to appeals to Court of Appeals should be liberally construed to make effective appellate jurisdiction in chancery cases.

3. Sections 12224 et seq., GC. apply, by analogy, to Municipal Court of Cleveland.

JONES, J.
1. Section 6, Article IV of the Ohio Constitution, ex proprio vigore, confers absolute and complete appellate jurisdiction upon the Courts of Appeals in all chancery cases. The jurisdiction thus conferred can neither be enlarged nor limited by the legislature, (Thompson v. Redington, 92 Ohio St., 101; Cincinnati Polyclinic v. Balch, 92 Ohio St., 415; Wagner v. Armstrong, 93 Ohio St., 443; Complete Bldg. Show Co. v. Albertson, 99 Ohio St., 11.)

2. The legislature can not, either by enactment or non-enactment, defeat or nullify the provisions of that section of the constitution.

3. The remedial provisions of our code relating to appeals to the Court of Appeals should be liberally construed in order to make effective such appellate jurisdiction of the Court of Appeals in chancery cases.

4. Section 12224 et esq., General Code, pertaining to appeals from Common Pleas Courts to the Court of Appeals in chancery cases, apply by analogy to the Municipal Court of Cleveland.

(Haas v. Mutual Life Ins. Co., 95 Ohio St. 137, followed and approved.)

(Day, Allen, Robinson and Matthias, JJ., concur. Marshall, CJ., and Kinkade, J., dissent.)